WILLIAM R. FRAZIER, admr. &c.,

v.

GEORGE B. SWAIN et al.

A master's report should show in what way he arrived at his conclusion, so as to enable the court to ascertain from the report itself whether his method was right or not, especially in a case where more than a simple computation of the amount due is necessary.

Bill to foreclose. ˙ On exceptions to master's report.

*Mr. C. Lentz,* for exceptant.

*Mr. L. D. Taylor,* for complainant.

Frazier *v.* Swain.

THE CHANCELLOR.

The master to whom it was referred to ascertain the amount due on the complainant's mortgage, has reported that there was due thereon the sum of $3,582.16 at the date of the report, June 30th, 1882. The mortgage was given April 10th, 1850, by Abraham and Isaac Wildrick to Susan Wildrick, now deceased (whose administrator the complainant is), to secure the payment of an annuity of $120 for her life (the annuity beginning on April 1st, 1850), together with some fire-wood to be delivered annually. The annuity was given for her dower in the mortgaged premises. It does not appear from the proof that it was at any time paid in full, but according to the evidence, Mrs. Wildrick, who was the widowed stepmother of the mortgagors, annually received in cash so much of the annuity as she required, leaving the rest standing on an agreement between her and the mortgagors that they would pay her interest for it. Isaac Wildrick testifies that the practice was each year to pay part of the annuity and give the mortgagor's note for the balance, and the interest which had accrued on any unpaid balance or balances, so compounding the interest on the unpaid balances. In 1862 they gave her a note of $1,575, which Isaac Wildrick says (and he is the only witness on the subject) was for such balances and compound interest thereon, and also for a legacy of $200 due her under their father's will, and compound interest thereon from April, 1850. Another note of $336 was given April 2d, 1867; another of $150, April 2d, 1868; another of $198.37, April 1st, 1870, and another of $200, April 1st, 1871. Mrs. Wildrick died in August, 1875. The master merely reports the amount due. By the schedule annexed to the report it appears that he calculated the amount due for principal and interest on account of the annuity up to April 1st, 1875, and added interest thereon to the date of the report. Neither the report nor the schedule states or shows in any way beyond this by what process he reached the result. A master's report should show in what way the master arrived at his conclusion, so far as to enable the court to determine from the report itself whether his method was

right or not.  This case is not one where only a simple compu-
tation of the amount due is required—where the factors are
obvious and unquestionable.  It does not appear directly what
amount was paid each year, nor any year except one, on account
of the annuity.  From the result reached by the master it seems
quite probable that he assumed, for the purposes of the calculation,
that a certain sum, the same each year, was paid on that account.
Isaac Wildrick testifies that the note for $1,575, given in 1862,
was given for the amount then due to the mortgagee for the leg-
acy of $200, and compound interest thereon from April, 1850,
and the arrears of annuity from and including April 1st, 1852,
to that date, with compound interest thereon ; but he is unable to
say what money was paid previously to the giving of the note
on account of the annuity, or what amount of interest entered
into the note.  It is, therefore, impossible to say what deduction
should be made from the amount of the note for compound in-
terest on the annuity, or, indeed, whether there was any com-
pound interest at all on the annuity in it.  A careful considera-
tion of the matter and a calculation I have made, lead me to
conclude that the $200 (the amount of the legacy), and com-
pound interest thereon for twelve years, from 1850 to 1862,
should be deducted from the amount of the note, and that the
balance of it should be taken to be the amount due for arrears
of annuity at the date of the note, April 1st, 1862.  What was
paid at any time except in 1867 or 1868, when, as appears by a
memorandum of a settlement then made, $68.32 were paid, does
not appear.

Isaac Wildrick, indeed, testifies that he thinks he never paid
in money, in any year, less than $75, but when he said this he
spoke from unaided memory ; for, on the memorandum before
referred to being shown to him, he at once admitted that less
was paid in that year.  He also says he thinks that sometimes
he paid more than the annuity, but he does not speak positively ;
and in his testimony on the issue in the cause he said, speaking
of the course of dealing, that Mrs. Wildrick " wanted the notes
and the money in full settlement; that that was the understand-
ing," and that " at one time she chose the note in preference to

the money." By the last statement, then, it would seem that on one occasion, at least, she received no money at all. But, however that may be, the evidence as to the amount paid is not such as to enable me to say what sum was, in fact, paid on account of the annuity in any year, except as before stated. It is impossible to ascertain the amount with exactness, and it therefore becomes necessary to adopt some method of arriving at it with reasonable certainty. Under the circumstances it will not be unjust to assume that the payments made since 1862 were $75 a year. The amount due will be ascertained as follows: From the amount of the $1,575 note, the $200 and compound interest thereon for twelve years will be deducted. On the balance interest will be computed to the present time, and assuming that $75 were paid each year after 1862 to 1872, interest will be computed on each year's balance, $45, from the time when the payment became due to the present time. The evidence as to the payments since 1872, is not such as to enable me to give specific directions as to them. It is quite probable none are necessary. The report will be referred back to the master, unless the counsel of the parties agree upon the calculation on the above basis. No costs of the exceptions will be allowed to either side.